NEW YORK LIFE INSURANCE COMPANY *vs.* SAMUEL SLESINGER
and ALEXANDER JASLOWSKY.

*Debt—Bond—Agency—Contract—Construction of Written Agreement—Principal and Surety.*

1.   In a letter to defendant the plaintiff agreed to allow him a certain amount per week in cash in consideration of certain services to be rendered by defendant, it being agreed that as collateral security for the repayment of said allowances all commissions and other compensation of the defendant as agent of the plaintiff should be retained by the plaintiff till said allowances were fully paid. *Held* that any advances made in pursuance of such letter were not as compensation or wages, but were advances to such agent to be repaid; and that the plaintiff might recover such advances in an action on a bond given by defendant, the condition of said bond covering money received by loans or allowances made to the defendant during his present or any future agency, for the purpose of enlarging his business or otherwise, and whether advanced under the terms of the agency agreement or otherwise, and whether under an express promise to repay or otherwise.

2.   The liability of a surety is not to be extended beyond the terms of his contract. To the extent and in the manner and under the circumstances pointed out in his obligation he is bound, and no further.

(*February 26, 1900.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*William S. Hilles,* for plaintiff.

*J. Frank Ball* and *Walter H. Hayes* for defendants.

Superior Court, New Castle County, February Term, 1900.

ACTION OF DEBT (No. 104, September Term, 1898).

See facts in charge of Court.

LORE, C. J., charging the jury :
Gentlemen of the jury :—This is an action of debt, brought by the New York Life Insurance Company, the corporation plaintiff,

against the defendants, Alexander Jaslowsky, as principal, and Samuel Slesinger, as surety, to recover a balance of $715.60, with interest from August 9, 1898; claimed to be due on a bond of the defendants, dated September 10, 1897, in the penal sum of $1000, conditioned for the faithful discharge by said Jaslowsky of his duties as an agent of the said plaintiff company in the life insurance business.

The condition of said bond, so far as necessary for the purpose of this charge, is as follows:

"If the said Alexander Jaslowsky shall well and faithfully discharge the duties as such agent, and if the said Alexander Jaslowsky shall well and truly pay over all moneys at any time coming into his hands, or at any time collected by or received by him, for which he may be liable, which it shall be his duty to pay over as such agent, whether the same shall be or shall have been received or liability therefor incurred by him personally and solely, or through or together with any co-partner, co-agent or other person, including all money so received and all liability incurred prior to the date of this instrument, if such there be, as well as money received or liability incurred thereafter, as also all money which he now owes or hereafter may owe the said company, or for which he may be liable to said company on account of loans or advances made to said Alexander Jaslowsky during the continuance of the present agency of the said Alexander Jaslowsky, or any future agency, for the purpose of enlarging his business or otherwise, and whether the same shall have been advanced under the terms of the agency agreement between the said company and the said Alexander Jaslowsky, or otherwise, and whether the said Alexander Jaslowsky shall have made any express promise to repay the same or otherwise, then this obligation shall be void, otherwise to remain in full force and effect."

It will be noted that the condition covers money received by, loans or advances made to said Jaslowsky, during the present or any future agency, for the purpose of enlarging his business or

otherwise, and whether advanced under the terms of the agency agreement or otherwise, and whether under an express promise to repay or otherwise, and is very broad and sweeping in its terms.

It is claimed by the plaintiff that Jaslowsky, under an agreement dated July 29, 1897, became agent of the plaintiff company in the life insurance business, and so continued until February 14, 1898; that at the termination of his agency at that time he was indebted to the plaintiff company in the above named sum of $715.60, being the balance of money loaned or advanced to him as such agent, in weekly sums of $45 each, and then unpaid, as evidenced by certain checks and receipts produced and in evidence in this cause.

The defendants claim that these advances were in the nature of compensation or wages for services of the said Jaslowsky, and not loaned or advanced to him to be repaid. For such construction they only rely upon a letter of the plaintiff company, dated July 29, 1897, bearing even date with the agreement, which is as follows:

" MR. ALEXANDER JASLOWSKY :

" Dear Sir :—Referring to your agreement with our company of this date, this is to inform you that we do hereby agree to allow you the sum of $45 per week in cash, continuously until January 1, 1898, and that in return for said allowance you reaffirm your agreement with our company of this date, in the pledging of your entire devotion of time and talents to the business of our company, and that during the period of said allowance or allowances, and in consideration of the same, it is agreed that you shall act exclusively and continuously for this company and shall not enter into the service of any life insurance company other than the New York Life, or place any application for insurance in any other life insurance company without the consent in writing of our company.

" It is also agreed that, as collateral security for the repayment of said allowance, all commissions and other compensations in any

way receivable by you under your said agreement of this date, are hereby assigned and pledged by you for the repayment of said allowance or allowances; and our company is hereby authorized to hold and apply to the repayment of said allowance or allowances, all commissions and other compensation in any way receivable by you, until said allowance or allowances shall be wholly repaid."

We are called upon to construe this letter. In our judgment it does not warrant the contention of the defendant. By its terms it expressly holds the commissions and other compensation of Jaslowsky as agent, as collateral security for the repayment of the allowances; which are to be held until the said allowances should be wholly repaid. We therefore say to you, that if advances were made in pursuance of that letter they were not as compensation or wages, but were advances to such agent to be repaid. The prayer of the defendant, therefore, relating to wages or salary, is not applicable to this case.

Should you be satisfied from the evidence in this case, that Jaslowsky was indebted to the company for money so advanced under the terms of that letter, the plaintiff would be entitled to recover whatever amount thereof is shown to be unpaid; the condition of the above recited bond being amply sufficient to cover such advances.

We cannot instruct you to find a verdict for the defendant as prayed by defendant's counsel.

It is true that the liability of a surety is not to be extended beyond the terms of his contract. To the extent, and in the manner and under the circumstances pointed out in his obligation he is bound and no further. The law carefully guards his rights. We see nothing in this case however, distinguishing in law, the liability of principal and surety on this bond, and decline to charge as prayed by the defendants, that you may find a verdict against Jaslowsky, the principal in the bond and in favor of Slesinger, the surety. We see no difference between the liability of principal and surety in this case.

If, therefore, you find that advances were made by the plaintiff,

company to the defendant Jaslowsky as agent, which have not been repaid, the plaintiff is entitled to recover the amount proved to be unpaid with interest thereon from the date of the commencement of this suit, September 3d, 1898, no demand for payment having been made theretofore.

Verdict for plaintiff for $764.52,